### ALSTON and wife *vs.* JONES and others.

An appeal from the sentence or decree of a surrogate confirming the probate of a will of personal property, upon allegations against the validity of the will, filed in the office of the surrogate, under the 31st section of the article of the revised statutes relative to wills of personal property and the probate of them, must be brought in the first instance to the circuit judge, and not directly to the chancellor.

The 55th section of the third article of the same title, allowing appeals to the circuit judge, applies to all cases in which the validity of the will, or the competency of the proof to establish the same, is the question in controversy before the surrogate ; whether such question arises upon an original application of the executor, or other person, propounding the will for probate, or upon an allegation against the validity of a will which has been admitted to probate, as authorized by the 31st section.

January 23.

THIS was an application to dismiss an appeal, made directly to the chancellor, from the sentence or decree of the surrogate of the city of New-York, confirming the probate of a will of personal property, upon allegations against the validity of the will, filed in the office of the surrogate, by the appellants, pursuant to the 31st section of the article of the revised statutes relative to wills of personal property and the probate of them.

*E. S. Derry,* for the appellants.

*M. S. Bidwell,* for the respondents.

THE CHANCELLOR. The 35th section of the title of the revised statutes relative to wills and testaments of real and personal property and the probate of them, (2 *R. S.* 62,) gives an appeal from the decision of a surrogate upon allegations filed to test the validity of a will of personal property or the competency of the proof thereof. And the only question in this case is, whether an appeal lies directly to the chancellor ; or whether the party complaining of the sentence or decree of the surrogate is to appeal in the first place to the circuit judge, as authorized by the 55th section of that title. (*Idem*, 66.) The language of that section is not as explicit as it ought to have been, when applied to the particular case now under consideration. But when we advert to the practice of the ecclesiastical courts of England, in granting probate of wills in the common form, and then permitting the next of kin, as a matter of course, where they have not been actually cited to attend the proof of the will per testes, to call upon the executor to prove the will in a plenary proceeding, and also when we consider the manner in which the several provisions of the revised statutes on the subject of the proof of wills were introduced by the revisers and were adopted by the legislature, I am satisfied that this 55th section was intended to apply to all cases in which the validity of the will, or the competency of the proof to establish the same, was the question in controversy before the surrogate ; whether that question had arisen upon an original application of the executor or other person propounding the will for probate, or upon an allegation against the validity of the instrument which had been previously admitted to probate, as authorized by the 31st section.

By referring to the original report of the revisers it will be seen that they proposed to give to the surrogate the power to award a feigned issue, upon the filing of an allegation under this 31st section, if the validity of the will depended upon a question of fact—leaving the control of that issue to the supreme court until it should be finally determined ; and to give an appeal directly to the chan-

1843.

Alston
v.
Jones.

cellor when no issue was awarded, as in cases of granting of letters of administration. (*Rev. Rep. of ch.* 6, *pt.* 2, *p.* 13, § 41, 42, 43.) The legislature, however, thought it inexpedient to entrust the power of awarding issues to the surrogate, in cases of this kind. And the revisers were instructed to prepare sections giving appeals to the circuit judges, in the first instance, in cases of contested wills both of real and personal estate ; with power to such appellate courts to award feigned issues if they disagreed with the surrogate upon a matter of fact. The 55th and several of the succeeding sections of this title were thereupon reported, and adopted, as a substitute for what the revisers had originally recommended. The legislature that adopted this substitute, therefore, intended that the question as to the validity of a will, when it depended on disputed matters of fact, in relation to which the appellate court might differ in opinion with the surrogate, should be submitted to a jury for decision. It is true the declared will of the legislature in this respect has been wholly disregarded in a recent case. And the effect of permitting the next of kin to lie by until the will has been proved in the common form, and then to come directly to this court by appeal, from a decision against them upon their application to revoke the probate, would be to enable them still further to defeat the obvious intention of the legislature in relation to such controversies, where they depend upon disputed facts.(*a*)

The appeal in this case is therefore wrong, and it must be dismissed with the costs of this application ; but without prejudice to the right of the appellants to proceed upon their appeal to the circuit judge, in case it has been regularly entered and an appeal bond has been duly filed therein, so as to entitle them to proceed on that appeal, according to the provisions of the title of the revised statutes before referred to.

---

(*a*) The case alluded to is that of *Stewart's Executor* v. *Lispenard*, (26 *Wend. Rep.* 323,) where the appellate court refused an issue, upon a reversal of the surrogate's decision on a question of fact.