ALLEN SUTTON et al., Respondents, *v.* PHILA R. RAY et al., Appellants.

This court cannot review a decision of the Supreme Court reversing, upon a question of fact, a surrogate's decree on application for the probate of a will.

*Tyler* v. *Gardiner* (35 N. Y., 559), distinguished.

This court may, however, on appeal from the judgment of the Supreme Court, correct any error of law in granting or refusing a new trial in such case. (2 R. S., 67, § 58.)

The only direction or order the Supreme Court can make upon the reversal is to award an issue to be tried by a jury as directed by the statute. (2 R. S., 66, § 55 *et seq.*, id., 609, § 98.)

Accordingly, *held*, that an order of the Supreme Court upon reversal of a surrogate's decree on the facts, remitting the proceedings to the surrogate was error.

Also, *held*, that an award of costs was error, as they were awarded by reason of a mistake in the practice; that the right to costs in such case cannot be determined until final judgment is given admitting the will to, or refusing probate.

(Argued January 30, 1878; decided February 12, 1878.)

THE nature of the appeal and the facts are set forth in the opinion.

*S. P. Nash*, for appellants.

*W. H. Robertson* and *Stephen S. Marshall*, for respondents.

ALLEN, J.    This is an appeal from the judgment of the
General Term of the Supreme Court, in the third judicial
department, reversing, upon a question of fact, so much of
the decree of the surrogate of Westchester as admitted the
will of Alice Fowler to probate as a will of personal prop-
erty, and remitting the proceedings and judgment to the
surrogate.   The execution and publication of the will was
attested by two witnesses only, and the question litigated
before the surrogate, and upon which the due execution of
the will, as a will of personalty depended, was as to the
domicile of the testatrix at the time of making the will.
The contestants contended and gave evidence tending to
prove that her domicile was in the State of Connecticut, by
the laws of which State wills of personal, as well as of real
estate, are required to be attested by three witnesses.   The
contention of the proponents of the will was for a domicile
of the testatrix in this State.

The testimony in behalf of the respective litigants was
very voluminous, to some extent conflicting, and both con-
testants gave evidence of a great variety of circumstances of
more or less weight, and of the acts and declarations of the
testatrix from time to time in support of their respective
theories and claims, and from all the evidence it was for the
proper tribunal to make the necessary deductions, and decide
the one fact in controversy.   The domicile of origin or birth
of the testatrix was Connecticut, but she subsequently
acquired and had for many years a domicile in this State.
At the time of making her will and her death, she was actu-
ally resident in the former State, but whether she had by
her removal changed her domicile from the State of New
York was the only question in litigation.

The Supreme Court, upon a review of all the evidence,
came to a conclusion in conflict with that of the surro-
gate, and adjudged that the domicile of the testatrix was
in Connecticut, and reversed the decree of the surrogate
admitting the will to probate as a will of personalty.   Had
the Supreme Court affirmed the decree of the surrogate, this

court upon an appeal could have reviewed the case upon the facts ; but upon a reversal of the judgment upon the facts, the judgment of this court would not have been final, but the question would have been for a jury who alone can definitely determine questions of fact upon which the probate of wills depend in case of a conflict in judgment between the court of original jurisdiction and an appellate tribunal. So, too, should we examine the case upon the merits, and agree with the Supreme Court, we should be compelled to award an issue. It would not obviate the necessity of an issue that two successive appellate courts, instead of only one, differed in conclusion with the surrogate. (*Trustees of Auburn Seminary* v. *Calhoun,* 25 N. Y., 428; *Howland* v. *Taylor,* 53 id., 627.) The statute is imperative, that upon the reversal of the decree of a surrogate upon an application for the probate of a will upon a question of fact, the appellate court shall direct a feigned issue to be made up to try the questions arising upon the application, and direct the same to be tried at the next Circuit Court to be held in the county where the surrogate's decision was made. (2 R. S., 66, § 55 *et seq.;* id., 609, § 98.) The Supreme Court may grant a new trial of such issue, and this court may, upon appeal, correct any error of law by the court in granting or refusing a new trial in such case. (2 R. S., 67, § 58.) But they cannot review the judgment of that court in reversing the surrogate upon a question of fact. An issue must be awarded. The final determination of the issue is conclusive as to the facts in respect to wills of personal estate, and the decision of this court is not final, except in affirmance of the Supreme Court and the surrogate ; that is, when the surrogate and both appellate courts concur. Then there is no case for an issue. (2 R. S., 67, §§ 59, 60.)

The Supreme Court erred in remitting the proceedings and judgment to the surrogate. The judgment of the Supreme Court was not obligatory upon that official, calling upon him to revoke his decree, and refuse probate to the will. The only direction or order the court could make upon the

reversal of the decree of the surrogate upon the questions litigated was an issue as directed by the statute. (*Marvin* v. *Marvin*, 3 Abb. [Ct. of App. Dec.], 195; *Alston* v. *Jones*, 10 Paige, 100.) In the latter case, the chancellor gives the history of the statutory enactments referred to. The revisers reported a provision authorizing the surrogate to direct an issue of fact, leaving the control of the issue to the Supreme Court, and giving an appeal directly to the chancellor, when no issue was awarded. The Legislature directed the revisers to report in lieu thereof the sections as they were finally enacted, and directing an issue, if the Appellate Court disagree with the surrogate upon a matter of fact. It is not to be supposed that the Legislature intended to give the defeated party in the Supreme Court in case of a disagreement of that court with the surrogate upon a matter of fact, on election of remedies, an issue to be tried by a jury, or an appeal to this court, when, if this court should agree with the Supreme Court, an issue to be tried by a jury must be ordered ; and, if the Supreme Court should be reversed, the adverse contestant would be deprived of the benefit of a trial by jury, which the statute imperatively requires, and the result of which is made conclusive. The only case giving color to the practice adopted here is *Tyler* v. *Gardiner* (35 N. Y., 559), in which this court, upon an appeal like this, did consider the merits, and reversed the Supreme Court. But Judge Porter, who gave the prevailing opinion, in effect concedes the irregularity of the practice by saying, at the close of his opinion, that if this court had arrived at a different conclusion, the judgment of the court below must still have been reversed, and for the reason that the decision having been founded upon a conclusion on a question of fact, the Supreme Court had no authority to adjudge the instrument be admitted to probate, but should have directed a feigned issue in accordance with the provisions of the statute. That case cannot be considered as an authority derogating from the effect of the statute.

As the judgment of the Supreme Court was erroneous, and

was not final, it should not stand as to the costs which were awarded, upon the ground that the judgment was final unless reversed by this court. The costs were awarded by reason of a mistake of the practice, and an inadvertence as to the statute. The right to costs cannot be determined until the final judgment is given, admitting the will to probate or refusing probate.

The judgment of the Supreme Court must be reversed so far as it awards costs to the appellant, and modified by directing a feigned issue to be made up and settled, to be tried at the next Circuit Court to be held in Westchester county, instead of remitting the judgment to the surrogate, without costs to either party as against the other, in this court.

All concur, except ANDREWS, J., absent.

Judgment accordingly.