In the Matter of Proving the Will of ANNA MARTIN. deceased.

*Where the probate of a will was contested on the ground of undue influence, and it appeared that the testatrix had testamentary capacity, a present knowledge of the contents of the will, and that its execution was surrounded by all the guards the statute has prescribed to prevent fraud and imposition, held, that the will could only be avoided by proof of influence amounting to force or coercion ; and that the burden of proving this was upon the party making the allegation ; also held, the facts that the proponent of the will was a son of the testatrix, that he communicated to the scrivener the provisions to be inserted in the will, and was himself a beneficiary, were insufficient.*

*To establish undue influence, there must be evidence that the parent was imposed upon or overcome by the practices of the child, to the benefit of the latter.*

*The surrogate refused probate ; he found all the facts in favor of the proponent, save as to undue influence ; there was no evidence to establish this. Held, that it was proper for the General Term, on appeal from the surrogate's decision, to direct judgment admitting the will to probate.*

*The reversal of the surrogate's decree in such case is upon a question of law, and so the provision of the Code of Civil Procedure (§ 2588), requiring, where the reversal is upon a question of fact, that a jury trial shall be ordered, does not apply.*

*Also held, that the case required an exercise of the power conferred by the Code (§ 2589), to impose costs upon the unsuccessful party.*

Submitted January 22, 1885 ; decided February 10, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made December 12, 1882, which reversed a decree of the surrogate of the county of Kings, refusing to admit to probate the will of Anna Mar-

tin, deceased, and which remitted the proceedings to said surrogate, with directions to admit the same to probate.

The material facts are stated in the opinion.

*C. Morchauser* for appellant. The facts that the testatrix was very old and feeble, and lived with her son William, and that the will was drawn by a person employed by him, and according to instructions given by him, and that under it he takes one-third of his mother's property, raise the presumption that the will was procured through his undue influence, and call upon him to rebut that presumption. (*Lake* v. *Ranny*, 33 Barb. 49; *Lee* v. *Dill*, 11 Abb. Pr. 214; *Post* v. *Mason*, 26 Hun, 186; Abbott's Trial Evidence, 120; *Rollwagen* v. *Rollwagen*, 63 N. Y. 504; *Tyler* v. *Gardner*, 35 id. 559; *Newhouse* v. *Goodwin*, 17 Barb. 237; *Van Pelt* v. *Van Pelt*, 30 id. 134; *Merwin* v. *Merwin*, 3 Hun, 139; *Crispell* v. *DuBois*, 4 Barb. 139; Redfield's Am. Cas. on Law of Wills, 504; *In re Page*, 62 Barb. 476; *Baker's Will*, 2 Redf. 179; *Foreman* v. *Smith*, 7 Lans. 443; *Delafield* v. *Parish*, 25 N. Y. 35; *Mowry* v. *Silber*, 2 Brad. 134; *Voorhies* v. *Voorhies*, 39 N. Y. 463; *Freeland* v. *McClalland*, 1 Brad. 393; *Ashwell* v. *Lomi*, 4 Eng. Rep. 700; *Lears* v. *Shaffer*, 6 N. Y. 268; *Ryder* v. *Miller*, 86 id. 507; *Bergen* v. *Udall*, 31 Barb. 9; *Lansing* v. *Russell*, 13 id. 510.) Whenever it is shown that the beneficiary and the testatrix stood in an intimate relation toward each other, such as that of parent and child, husband and wife, attorney and client, and that the beneficiary drew the will, or gave the instruction to the draughtsman, the burden of proof is thrown on him, and the presumption is that the beneficiary obtained the execution of the will by undue influence. (Abbott's Trial Evidence, 120; 1 Redf. Law of Wills, 514; 63 N. Y. 517; 7 Lans. 447; *Lee* v. *Dill*, 11 Abb. Pr. 219.) The General Term has no power to direct the surrogate to admit the will to probate. (Code, § 2587.) Where a question of fact is involved on the trial before the surrogate, the General Term can also pass upon the facts, but should they find them contrary to the finding of the surrogate, they can at most

direct a trial by jury. (Code, § 2588 ; *Sutton* v. *Ray*, 72 N. Y. 482 ; *Johnson* v. *Hicks*, 1 Lans. 150 ; *Mead* v. *Mead*, 11 Barb. 661.) The General Term should have only reversed the decree of the surrogate, and awarded a feigned issue. (*Guernsey* v. *Miller*, 80 N. Y. 181.)

*Wm. J. Sayres* for respondents. To avoid a will on the ground of undue influence, it must be shown that the testatrix was subjected to such influence as amounted to a moral coercion. (*Children's Aid Society* v. *Loveridge, Exr.*, 77 N. Y. 387 ; 72 id. 270 ; 77 id. 533.) To justify the finding of undue influence it must be proved that the son did exert it, and so controlled the actions of the testatrix, either by importunities which she could not resist, or by deception, fraud or other improper means, that it was not really her will. (*Cudney* v. *Cudney*, 68 N. Y. 148 ; *In re Will of David M. Chauncey*, 32 Hun, 429 ; *Cowee* v. *Cornell*, 75 N. Y. 92 ; *Carpenter* v. *Soule*, 88 id. 251 ; *Marks* v. *McGlynn*, id. 357.) The fact that the testatrix was advanced in years and feeble is not conclusive that she was incompetent to execute, or that she was under restraint. (*In re Will of Sarah Gates*, 14 Weekly Dig. 501, Gen. Term, 4th Dept.)

DANFORTH, J. Anna Martin died on the 10th of September, 1880, leaving three sons, William C., Samuel and Alfred, and four grand-children — children of a deceased daughter — and on the 21st of June, 1881, William C. Martin, as executor, offered to the surrogate of Kings county for probate, as her will, an instrument dated August 9, 1879. The appellant, who was one of those grand-children, appeared as contestant, and alleged in her answer to the petition (1) that the paper was not the last will of the decedent, nor its execution her free and voluntary act ; (2) that she was not, at the time of its execution, of sound mind, memory and understanding ; (3) that it was not subscribed, published and attested in conformity with the statute ; (4) that the attesting witnesses did not sign their names at her request ; (5) that the instrument so offered for probate was obtained, and the execution thereof procured by

fraud, circumvention, and undue influence practiced upon said Anna Martin, by William C. Martin, Samuel Martin and Alfred Martin, or some one of them.

Upon the trial of these issues, the surrogate found that the "testatrix subscribed the will described in the petition at the end thereof, in the presence of two attesting witnesses who signed their names thereto at the request of the testatrix, in her presence and in the presence of each other. That at the time of making such subscription, the said testatrix declared to both of said witnesses, that the instrument so subscribed was her last will and testament. That at the time of the execution of the will, she possessed testamentary capacity, but that said will was obtained from her through the undue influence of her son, William Martin," and made a decree denying probate to the will. Upon appeal by the executors to the General Term, on a case containing the evidence, the decree of the surrogate was reversed, and the proceedings remitted to him with directions to admit the will to probate. The contestant Margaret appeals from that decision.

By her answer, the contestant put the proponent upon proof not only of the due execution of the will, but that the testatrix was of sound and disposing mind at the time of its execution, and it is to be observed that these issues were all found by the surrogate in favor of the proponents. Moreover, in view of uncontradicted evidence, admitting no other conclusion, the learned counsel for the appellant concedes in his printed points, that before she signed the will, "it was either read to, or its contents explained" to the testatrix. The case then is one where the testatrix had testamentary capacity, a present knowledge of the contents of the will, and where at its execution she was surrounded by all the guards which the statute has prescribed to prevent fraud and imposition. A will executed under these circumstances can be avoided only by influence amounting to force or coercion, and proof that it was obtained by this coercion. The burden of proving it is on the party who makes the allegation. These principles are well settled.

(*Tyler* v. *Gardiner*, 35 N. Y. 559 ; *Cudney* v. *Cudney*, 68 id. 148.)

Here there is no proof of influence exerted or existing; none is pointed out by the appellant. The will is rational on its face. The property of the decedent was in real estate. It is distributed among her sons, subject to payment by them to each grand-child of fifty dollars. In the absence of evidence, however, the appellant relies upon the fact that the proponent of the will was the son of the testatrix ; that he communicated to the scrivener the provisions to be inserted in the will, and became himself a beneficiary. Under different circumstances these things might be important, but in the presence of a capable and intelligent testatrix — of proof that the instrument offered for probate expressed intentions in language dictated or adopted by her, they are of no moment. Something more must be shown than the relation of parent and child, and an opportunity for unfair dealing. There must be evidence that the parent was imposed upon, or overcome by the practices of the child to the benefit of the latter, before the burden of proof can be shifted. (*Tyler* v. *Gardiner*, *supra* ; *Cudney* v. *Cudney*, *supra*.)

It was not improper for the Supreme Court to direct judgment. Every question upon which there was evidence was found in favor of the proponent, and the affirmative proposition which the contestant asserted was not only not established, but as to it there was such an entire absence of testimony as to create a doubt as to the *bona fides* of its assertion. The reversal of the decision of the surrogate cannot be regarded as dependent upon conflicting evidence, or inferences, but upon a question of law. There was no question of fact upon which the courts differed, and consequently there could be no issue for a jury. The appeal to the Supreme Court was not governed by section 2588 of the Code, or *Sutton* v. *Ray* (72 N. Y. 482), on which the appellant here relies. They only apply when the reversal is founded upon a question of fact. We also think the respondent should have costs of this appeal, and that the circumstances of the case require us to exercise the power con-

ferred by section 2589 of the Code, to impose their payment upon the party who has occasioned them.

The order of the General Term should therefore be affirmed, with costs to the respondents to be paid personally by the appellant.

All concur.

Order affirmed.