Lott, S.
The testatrix died April 23, 1887, at St. Mary’s Hospital, Brooklyn, where, five days before her death, she executed her will. It is not contended that the testatrix was mentally incompetent to execute a, will, nor could it be, in view of the testimony as to the acts and conduct of the testatrix before and after the execution of the will.
The residuary clause of the will is the principal point attacked by the contestants, the sisters of the testatrix. That clause reads as follows:
“Fourth. All the rest,, residue and remainder of my estate of every name and kind, I hereby give, devise and bequeath unto my said executor Rev. Thomas Taafe. ’
It is claimed that this is not an absolute gift to Rev. Thomas Taafe individually, but unto him as executor, or, in other words, to him officially and not beneficially,; and many authorities are cited to sustain this contention; but they fall short of justifying the construction claimed. In my opinion, the words “my said executor,’’preceding the name of the residuary legatee, are to be regarded as simply descriptive of the person.
It is further claimed, for the contestants, that the will *151 was procured by undue influence on the part of the residuary legatee. There is not the slightest evidence of this, nor is it claimed there is any. It is, however, sought to be inferred from the confidential relation which the legatee held to the testatrix as her spiritual adviser. “ Undue influence, which is a species of fraud, when relied upon to annul a transaction inter partes, or a testamentary disposition, must be proved, and cannot be presumed. ” Matter of Smith, 95 N. Y., 516-522. This was said in a case where it was claimed, that the fact that the beneficiary was the attorney of the decedent, alone, created a presumption that a testamentary gift was procured by fraud or undue influence. The court ruled to the contrary. See, also, Matter of Martin, 98 N. Y., 193.
In this case, the testatrix had independent advice concerning her testamentary dispositions, and I do not believe that the reputable counsel who, in the absence of the legatee, received instructions as to this will from the testatrix, was a party to any imposition or coercion to procure its execution. Father Taafe called on the testatrix at her request. She had previously declared her intention to disinherit her sisters. That she did not dispose of her property to certain charities mentioned by her may indicate either a change of intention or an idea that Father Taafe would himself use his legacy in aid of those charities, but there is no evidence that he agreed to do so. I do not think that any inference can be drawn from Mr Pladwell’s not being consulted professionally as to the will. He does not appear to have acted as the legal adviser of the testatrix, except in drawing some papers shortly before her death, and then he was introduced by Mr. Ferry who had acted as her agent in selling some real estate. The will is admitted to probate.