Barnard, P. J.
The execution of the will in question is fully proven. The instructions were given by the testatrix to the person who drew the will, personally. After it was drawn it was read over to her. She corrected it in some minor particulars, and then executed it under all legal forms. Ho denial of this is attempted. Both the witnesses testify to her soundness of mind and freedom from all restraint. She was about 67 years of age, was a widow, had 2 sons living and the children of a deceased daughter, and died 4 days after making the will. One of the sons was given nothing by the will, except in case of deatli of children of deceased daughter, and he contests her will as being obtained by fraud and undue influence. Apart from unequal division of the property, there is no proof whatever either of fraud, misrepresentation, duress, or undue influence, and it is not a legal principle to infer them, or either of them, from the inequality itself, and from it alone. Assuming a competent testatrix, she was not bound to show why she disinherited one of her children in order to entitle her will to probate. Cudney v. Cudney, 68 N. Y. 152; Marx v. McGlynn, 88 N. Y. 357; In re Martin, 98 N. Y. 193. The exceptions are unimportant in this view. It was quite unimportant whether the testatrix had once made a will in which her son Thomas was provided for, nor was it important to prove the condition of Thomas Hall’s affairs. There were claims against him, and if his mother preferred to give her property to her other children it was her right to do so. The decree should be affirmed, with costs. All concur.