Hardin, P. J.
In Children's Aid Society v. Loveridge, 70 N. Y., 387, it was said, viz.: “ Although by the will of an aged invalid radical changes are made from previous testamentary disposition, yet when the testimony shows that the act was free, voluntary and intelligent, the will will be sustained.”
In Horn v. Pullman, 72 N. Y., 269, it was said, viz.: “ There is no presumption against a will because made by a person of advanced age; nor can incapacity to make a will be inferred from an enfeebled condition of mind or body. If the testator has sufficient intelligence to comprehend the condition of his property, his relation to those who are or may be the objects of his bounty, and the scope and meaning of the provisions of his will, and if it is his free act, it will be sustained. The question in all such cases is simply, was the will the free act of a competent testator? The fact that its provisions were inequitable and unjust furnishes no ground for disturbing it.”
After a careful perusal of the evidence given before the surrogate we are not entirely satisfied with the conclusions of fact reached by the surrogate. We are, therefore, of the opinion that we ought to order a new trial of the leading issues of fact arising from the evidence presented upon the hearing had before the surrogate. We, therefore, pursuant to § 2588 of the Code of. Civil Procedure, should direct a trial “ by a jury of the material questions of fact arising upon the issues between the parties; * * * in a circuit court ” in Tompkins county. See Matter of Proving Will of Anna Martin, 98 N. Y., 193; Matter of Soule, 19 N. Y. State Rep., 533.
(2) Dr. David White was called as a witness for the contestant, and after testifying that he had prescribed for the deceased a great many times, including the months of June and July, 1881, he was allowed to give facts and observations derived by him while acting as his physician, and to express an opinion as to his mental condition. The contestant put to him the following question: “ Do you think he could correctly and intelligently comprehend the nature and condition and value of his property ? ” This was objected to by the proponent as incompetent and immaterial. The •objection was overruled and an exception was taken; the witness *826 answered: “ I would not think so; that would be my opinion; I would not think he could with good judgment”
Section 834. of the Code provides as follows: “A person duly authorized to practice physic or surgery shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity.” That section was interpreted by the court of appeals in Renihan v. Dennin, 103 N. Y., 573; 4 N. Y. State Rep., 261; and we are of the opinion that the testimony of Dr. White was not kept within the rule laid down in the case just alluded to.
(3.) The burden of ■ establishing that the will was procured by undue influence was upon the contestant; as was said by the court in Anna Martin’s case, supra: “ The will could only be avoided by proof of influence amounting to force or coercion; ” and in that case it was further held that “ The facts that the proponent of the will was a son of the testatrix, that he communicated to the scrivener the provisions to be inserted in the will, and was himself a beneficiary, were insufficient ” to establish undue influence.
Inasmuch as we are of the opinion that the question of fact arising in this case as to whether or no there was any undue influence practiced by the wife upon the deceased must be determined by a jury, we forbear any extensive comment upon the evidence now appearing before us upon that question. All those facts and such other as éither side may offer bearing upon the question will be presented upon a trial to be had before a jury.
The decree of the surrogate of Tompkins county reversed and a new trial ordered before a jury in a circuit court in Tompkins county of the questions: (1) Whether or no the deceased at the time of the execution of his will, on June 18, 1881, possessed testamentary capacity; (2) Whether or no the will then executed by the deceased was procured by undue influence. With the costs of this appeal allowed to the appellant, “ payable out of the estate or fund.” Section 2589 of the Code oE Civ. Pro.
Martin, J., concurs; Merwin, J., concurs in the result.