In the Matter of Proving the Last Will and Testament of William Engle, Deceased, as a Will of Real and Personal Property.— Decree affirmed, with costs against appellant. Memorandum: In support of the finding of the jury that the paper, which was offered for probate as the last will and testament of William Engle, was the result of undue influence, we find in the record proof that testator was advanced in years, was sick, partially paralyzed and rapidly declining both physically and mentally; that, by a previous will made thirteen months before his death, he had left his property to three daughters, his only distributees; that eighteen days before his death he executed the propounded instrument, by the terms of which he disinherited his daughters, the natural objects of his bounty, and named as principal beneficiary the person with whom he lodged and who took care of him during the two and one-half months preceding his death and with whom he had had no prior acquaintance; that this instrument was prepared by an attorney whom this principal beneficiary procured; and that, although testator

— until two months before his death — had shown no disposition to part with any of his property, he thereafter commenced to make transfers of his real and personal property to this principal beneficiary so that, at the time of his death, he had given to this person the major portion of his estate. We are of the opinion that proof of these facts and circumstances presented a question of fact for the jury upon the issue of undue influence and that the finding of the jury, in this respect, should not be disturbed. All concur, except Lewis, J., who dissents and votes for reversal and probate of the will in the following memorandum: The objectants have not appealed from the surrogate's ruling that the decedent possessed testamentary capacity. From this fact it follows that our decision must proceed upon the assumption that at the time the will was executed, the testator was of sound and disposing mind. It also appears without contradiction that the execution of the will was witnessed by the attorney who prepared it and by the testator's physician. " A will executed under these circumstances can be avoided only by influence amounting to force or coercion, and proof that it was obtained by this coercion. The burden of proving it is on the party who makes the allegation. These principles are well settled." (*Matter of Martin*, 98 N. Y. 193, 196.) I find nothing approaching that type of proof in the record. In *Matter of Henderson* (253 App. Div. 140, 145) we have said: " Like any other fact, it [undue influence] may be proved by circumstantial evidence but the circumstances must lead to it not only by fair inference but as a necessary conclusion." Finding no proof of circumstances in connection with the relations of Miss Baker and the testator which, " as a necessary conclusion," establish undue influence by her, I dissent from the view of the majority of the court. (The decree denies probate of a will.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.