In the Matter of Proving the Last Will and Testament and Alleged Codicil Thereto of GEORGE VAN HOUTEN, Deceased.

RALPH VAN HOUTEN, Appellant; EDWARD C. VAN HOUTEN, Respondent.

*When the issues, as to the validity of a codicil, will be ordered tried by a jury.*

Where a codicil to a will is attacked upon the ground of undue influence, and the disposition, made in the Surrogate's Court, of the questions of fact presented by the evidence is not free from doubt, and the result reached by that court is not entirely satisfactory, the case will be sent to a jury for reconsideration.

APPEAL by Ralph Van Houten, one of the legatees and devisees named in the last will and alleged codicil of George Van Houten, deceased, from so much of a decree of the Surrogate's Court of the county of Rockland, entered in said Surrogate's Court on the 2d day of July, 1896, as adjudges and decrees " that the paper presented for probate herein, as a codicil to the said last will and testament and which is dated May 29, 1895, is not a valid codicil to said will, and was executed while the said testator was under restraint and under influence, and is null and void, and that probate be and the same is hereby refused."

*A. & A. X. Fallon* and *Alonzo Wheeler*, for the appellant.

*Garrett Z. Snider*, for the respondent.

BRADLEY, J. :

George Van Houten, late of Orangetown in the county of Rockland, made his will on the 7th day of May, 1895, and thereafter, on the twenty-ninth day of the same month, made a codicil thereto.

He died on August 15, 1895. His will and codicil were afterwards offered for probate in the Surrogate's Court of that county. Objections to the probate of the codicil only were filed by Edward C. Van Houten to the effect that it was not duly executed or published; that the testator was not then competent to make a will, and that it was the result of undue influence. The execution and publication of the codicil in the manner prescribed by the statute were proved. The conclusion of the surrogate was that the codicil was executed by the testator while he was under restraint and undue influence and that, therefore, it was null and void.

By his will of date May 7, 1895, the testator devised a farm of twenty-five acres to his daughter Mary; one-half of the Barker farm, so called, to the children of his deceased son; the other half of that farm and the homestead to his grandson Ralph Van Houten, subject to a mortgage of $5,000, which he was directed by the will to give to Edward C. Van Houten, son of the testator. He also bequeathed to him all his personal property except the furniture, which he directed be divided, and expressed his wish that his grandson Ralph have the cows at twenty dollars per head. He also directed that the agreement under which Ralph was working the farm remain effectual. By the terms of his subsequent codicil the testator revoked the incumbrance before mentioned and directed that the homestead should be subject to a mortgage to his son Edward of only $1,000 free from interest while the homestead remained in his possession; that the furniture, except that of the kitchen, should be equally divided among his children and grandchildren; that the personal property by the barn and the kitchen furniture should go to Ralph.

It may be observed that the provisions of the codicil were less favorable to the son Edward, and more so to the grandson Ralph, than were those of the will first above mentioned. This change the contestant charged was attributed to undue influence of Ralph upon the action of the testator. The fact of this modification in the testamentary disposition of the property of the decedent by him in about three weeks after the making of the will was in itself a circumstance permitting some inquiry into the cause. There is nothing in the evidence tending to prove any change, in the meantime, in the

friendly relation which had before existed between the father and the son or in their reciprocal esteem in that relation. The reason for the reduction of the bequests to the son and the beneficial increase in that respect made to the grandson, therefore, were dependent upon other considerations than those of sudden prejudice against the former. The grandson Ralph was a son of William Van Houten, the deceased son of the testator. He was a young man working the farm of his grandfather and living with him. He then had the opportunity of being with him daily and, if so disposed, of talking with him on the subject of the disposition of his property. The testator's wife died in 1890, and that year Ralph commenced working the farm under an arrangement with his grandfather and continued to do so up to the time of the death of the latter, who at that time was about eighty years of age, and during the last year of his life was quite feeble and confined to his house.

There is not much evidence directly charging Ralph with attempting to induce the testator to make a change in his will more beneficial to him. There is, however, evidence tending to prove that following the execution of the will of May seventh the testator was apparently cheerful, indicating that he was satisfied with what he had done, and that after making the codicil he appeared to be despondent, refused to take medicine and manifested a desire not to live. On this subject, however, the evidence is conflicting, and that given on the part of the appellant was to the effect that no such change in any of those respects was observed. There was also evidence tending to prove that after the will was executed, and before the codicil was made, the testator was not treated well by Ralph, and on that subject the declarations of the testator made in the absence of the appellant were received as evidence. It is quite likely that they were received as bearing upon the question of his mental condition. Ralph was not present when the codicil was made, and the evidence of the subscribing witnesses and draftsman of that instrument tended to prove that it was made apparently pursuant to his desire and purpose. It is deemed unnecessary here to refer further to the circumstances to which evidence related.

In prior testamentary declarations of the testator some reason appears for not making Edward more largely the beneficiary of the will first above referred to. In his will, made in January, 1888, he

says that, by reason of advancements and conveyances of real estate to his son Edward C., he omitted him from any further participation in his estate. In another will of the testator, dated April, 1891, was contained a like statement. By his codicil to that will, of date August, 1894, he did make a bequest to Edward C. of what money was to his credit in bank except so much of it as should be required to pay his debts and funeral expenses. It may, therefore, be seen that the purpose of the decedent for some years had been not to make any testamentary provision for his son Edward. It may, however, be that the fact of the death of his daughter Fanny, in 1894, may have led him to change his purpose expressed in his former wills in relation to his son. The more substantial change made by the codicil in question of the provisions of the will preceding it was in the reduction of the mortgage lien in favor of Edward C. from $5,000 to $1,000.

There was some evidence given on the subject of the value of the real estate which tended to prove that the homestead and one-half the Barker farm were together worth less than $6,000. Whether or not the value of the property became a matter of further consideration of the testator and had any influence upon his action in making the codicil cannot now be seen. It can only be referred to as an existing fact to which his attention may have been in some manner called.

The disposition which should be made of the questions of fact presented by the evidence is not free from doubt, and as the result reached by the court below is not entirely satisfactory, the case should have reconsideration by jury. (*In re Will of Ellick*, 19 N. Y. Wkly. Dig. 231.)

The decree of the Surrogate's Court should be reversed and a new trial had by jury at a Trial Term of the Supreme Court held in the county of Rockland of the questions:

*First.* Did decedent, George Van Houten, at the time of the execution of the codicil in question, of date May 29, 1895, have testamentary capacity ?

*Second.* Was the instrument purporting to be such codicil of the decedent voluntarily made by him ?

*Third.* Was the execution by the decedent of the instrument of date May 29, 1895, purporting to be his codicil to his last will and

testament, procured by fraud, circumvention or undue influence practiced upon him ?

With costs of the appeal to abide the event of the new trial, payable out of the estate.

All concurred.

Decree of the Surrogate's Court reversed and a new trial by jury at a Trial Term to be held in the county of Rockland is directed of the questions stated in the opinion, with costs of this appeal to abide the event of the new trial, payable out of the estate.