In re VAN HOUTEN'S WILL.

(Supreme Court, Appellate Division, Second Department.   December 31, 1896).

WILLS—UNDUE INFLUENCE.

> Undue influence in procuring the execution of a codicil three weeks after the will was made, reducing the amount of a mortgage which the will required testator's grandson and devisee to give to testator's son, is not proved by evidence that testator was old and feeble; that his relations with his son had not changed since the will was made; that testator seemed cheerful after making the will, and despondent after making the codicil; and that he was not well treated by his grandson, who lived with him, between the times of the execution of the two instruments,—where it is shown that, when the codicil was executed, the grandson was not present, and testator apparently acted of his own free will; that testator had for some years intended to exclude his son from sharing in his estate, on account of advances already made; and that the devise to the grandson was worth little more than the amount of the mortgage provided by the will.   41 N. Y. Supp. 250, reversed.

Appeal from surrogate's court, Rockland county.

Proceeding for the probate of the will and codicil of George Van Houten, deceased.   From a decree denying probate to the codicil (41 N. Y. Supp. 250), proponent, Ralph Van Houten, appeals.   Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

A. & A. X. Fallon (Alonzo Wheeler, of counsel), for appellant.

Garrett Z. Snider, for respondent Edward C. Van Houten.

BRADLEY, J.   George Van Houten, late of Orangetown, in the county of Rockland, made his will on the 7th day of May, 1895, and thereafter, on the 29th day of the same month, made a codicil thereto.   He died on August 15, 1895.   His will and codicil were afterwards offered for probate in the surrogate's court of that county.   Objections to the probate of the codicil only were filed by Edward C. Van Houten, to the effect that it was not duly executed or published, that the testator was not then competent to make a will, and that it was the result of undue influence.   The execution and publication of the codicil in the manner prescribed by the statute were proved.   The conclusion of the surrogate was that the codicil was executed by the testator while he was under restraint and undue influence, and therefore it was null and void.   By his will, of date May 7, 1895, the testator devised a farm of 25 acres to his daughter Mary; one half of the "Barker Farm," so called, to the children of his deceased son; the other half of that farm, and the homestead, to his grandson Ralph Van Houten, subject to a mortgage of $5,000, which he was directed by the will to give to Edward C. Van Houten, son of the testator.   He also bequeathed to him all his personal property except the furniture, which he directed be divided, and expressed his wish that his grandson Ralph have the cows, at $20 per head.   He also directed that the agreement under which Ralph was working the farm remain effectual.   By the terms of his subsequent codicil, the testator revoked the incumbrance before mentioned, and directed that the homestead should be subject to a mortgage to his

son Edward of only $1,000, free from interest while the homestead remained in his possession; that the furniture, except that of the kitchen, should be equally divided among his children and grandchildren; that the personal property in the barn and the kitchen furniture should go to Ralph.

It may be observed that the provisions of the codicil were less favorable to the son Edward, and more so to the grandson Ralph, than were those of the will first above mentioned. This change, the contestant charged, was attributable to undue influence of Ralph upon the action of the testator. The fact of this modification in the testamentary disposition of the property of the decedent by him in about three weeks was of itself a circumstance permitting some inquiry into the cause. There is nothing in the evidence tending to prove any change in the meantime of the friendly relation which had before existed between the father and the son, or of their reciprocal esteem in that relation. The reason for the reduction of the bequests to the son, and the beneficial increase in that respect made to the grandson, therefore, were dependent upon other considerations than those of sudden prejudice against the former. The grandson Ralph was a son of William Van Houten, the deceased son of the testator. He was a young man, working the farm of his grandfather, and lived with him. He then had the opportunity of being with him daily, and, if so disposed, of talking with him on the subject of the disposition of his property. The testator's wife died in 1890, and that year Ralph commenced working the farm, under an arrangement with his grandfather, and continued to do so up to the time of the death of the latter, who at that time was about 80 years of age, and during the last year of his life was quite feeble, and confined to his house. There is not much evidence directly charging Ralph with attempt to induce the testator to make a change in his will more beneficial to him. There is, however, evidence tending to prove that, following the execution of the will of May 7th, the testator was apparently cheerful, indicating that he was satisfied with what he had done, and that, after making the codicil, he appeared to be despondent, refused to take medicine, and manifested a desire not to live. On this subject, however, the evidence is conflicting, and that given on the part of the appellant was to the effect that no such change in any of those respects was observed. There was also evidence tending to prove that after the will was executed, and before the codicil was made, the testator was not treated well by Ralph; and on that subject the declarations of the testator, made in the absence of the appellant, were received as evidence. It is quite likely they were received as bearing upon the question of his mental condition. Ralph was not present when the codicil was made, and the evidence of the subscribing witnesses and draftsman of that instrument tended to prove that it was made apparently pursuant to his desire and purpose. It is deemed unnecessary here to refer further to the circumstances to which evidence related. In prior testamentary declarations of the testator, some reason appears for not making Edward more largely the beneficiary of the will first above referred to. In his will, made

in January, 1888, he says that, by reason of advancements and conveyances of real estate to his son Edward C., he omitted him from any further participation in his estate. In another will of the testator, dated April, 1891, was contained a like statement. By his codicil to that will, of date August, 1894, he did make a bequest to Edward C. of what money was to his credit in bank, except so much of it as should be required to pay his debts and funeral expenses. It may therefore be seen that the purpose of the decedent for some years had been not to make any testamentary provision for his son Edward. It may, however, be that the fact of the death of his daughter Fanny, in 1894, may have led him to change his purpose expressed in his former wills in relation to his son. The more substantial change made by the codicil in question of the provisions of the will preceding it was in the reduction of the mortgage lien in favor of Edward C. from $5,000 to $1,000. There was some evidence given on the subject of value of the real estate, which tended to prove that the homestead and one-half the Barker farm were together worth less than $6,000. Whether or not the value of the property became a matter of further consideration of the testator, and had any influence upon his action in making the codicil, cannot now be seen. It can only be referred to as an existing fact, to which his attention may have been in some manner called.

The disposition which should be made of the questions of fact presented by the evidence is not free from doubt, and, as the result reached by the court below is not entirely satisfactory, the case should have reconsideration by jury. In re Ellick's Will, 19 Wkly. Dig. 231.

The decree of the surrogate's court should be reversed, and a new trial had by jury at a trial term of the supreme court held in the county of Rockland of the questions: First. Did decedent, George Van Houten, at the time of the execution of the codicil in question, of date May 29, 1895, have testamentary capacity? Second. Was the instrument purporting to be such codicil of the decedent voluntarily made by him? Third. Was the execution by the decedent of the instrument of date May 29, 1895, purporting to be his codicil to his last will and testament, procured by fraud, circumvention, or undue influence practiced upon him? with costs of this appeal to abide the event of the new trial, payable out of the estate. All concur.