## In re BUEL'S WILL.

(Supreme Court, Appellate Division, Second Department.   October 20, 1899.)

1. WILL—PUBLICATION.

A will was read over to the testatrix. who then said in the presence of the subscribing witness that "it was all right." *Held*, that this was a sufficient publication.

2. SAME—ATTESTATION.

The attestation clause, if complete, will supply omissions in the oral testimony as to the testator's request to the witnesses to append their signatures to the instrument offered for probate.

Appeal from surrogate's court, Dutchess county.

In the matter of the probate of an instrument propounded as the last will and testament of Lydia Ann Buel, deceased.   From a decree refusing to admit it to probate, Walter J. Sutherland and Anna J. Sutherland, the executor and sole legatee, appealed.   Modified and affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry M. Taylor (John H. Millard, on the brief), for appellants.

John Hackett, A. M. & G. Card, and S. A. Crummey, for respondent next of kin.

WILLARD BARTLETT, J.   The learned surrogate rejected the alleged will on two grounds.   He held that the instrument was not executed with the statutory formalities necessary to make it a will, inasmuch as the testatrix did not declare it to be her last will and testament, or request the attesting witnesses to sign their names as such.   He also held that at the time of execution Mrs. Buel was not of sound mind and memory, and did not know or understand that the instrument was her will.   In our opinion, the testimony does not sustain the first of these conclusions, but affords ample support to the second.   The proof convinces us that the paper, after being written out, was read over to Mrs. Buel, who then said, in the presence of both the witnesses, that "it was all right." Assuming that she comprehended the language of the instrument and possessed testamentary capacity, we think this was sufficient evidence of publication.   There was a full attestation clause, which, under the authority of In re Bernsee's Will, 141 N. Y. 389, 36 N. E. 314, and the cases therein cited, supplied whatever omissions there were in the oral testimony as to the request to the witnesses to append their signatures.   The lack of testamentary capacity on the part of the decedent, however, was so clearly made out as to leave no substantial doubt in our minds as to the justice of the result reached by the surrogate in respect to that branch of the case.   His determination of this question is not of such doubtful correctness as to demand that the issue be sent to a jury for trial, as was held to be necessary in Re Ellick, 19 Wkly. Dig. 231, in Re Van Houten's Will, 11 App. Div. 208, 42 N. Y. Supp. 919, and in Re Brunor, 21 App. Div. 259, 47 N. Y. Supp. 681.   A review of the facts here would serve only to perpetuate a record of mental and physical infirmities

for which the decedent was in no wise to blame. It is enough to say that we have scrutinized the evidence with care, and feel fully satisfied with the finding of the court below in regard to Mrs. Buel's incapacity.

The decree appealed from should be modified so as to omit therefrom the adjudication that the paper propounded for probate was not duly executed in form, and as thus modified it should be affirmed. All concur.