In re TOMPKINS' WILL.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

WILL—VALIDITY—CONFLICTING EVIDENCE—SUBMISSION TO A JURY.

Where the surrogate court's refusal to admit a will to probate is not free from doubt and entirely satisfactory on the conflicting evidence on questions of the deceased's testamentary capacity, fraud, and undue influence, the issues should be submitted to a jury.

Appeal from surrogate's court, Westchester county.

John J. Burnell presented the will of Jotham S. Tompkins for probate. The probate was contested by Harriet V. Tompkins and others. From a decree denying probate of the alleged will, proponent appeals. Reversed and issues of testator's testamentary capacity, fraud, and undue influence submitted to a jury.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Frank L. Young, for appellant.
William L. Snyder, for respondents.

JENKS, J. In Re Van Houten's Will, 11 App. Div. 208, 42 N. Y. Supp. 919, we held that where the disposition which should be made of the questions of fact presented by the evidence is not free from doubt, and as the result reached in the surrogate's court was not entirely satisfactory, the case, should be reconsidered by a jury. In re Ellick's Will, 19 N. Y. Wkly. Dig. 231; In re Hannah, 45 Hun, 561; Reynolds v. Root, 62 Barb. 250; In re Pike's Will, 83 Hun, 327, 331, 31 N. Y. Supp. 689, citing Howland v. Taylor, 53 N. Y. 627; In re Lansing (Sup.) 2 N. Y. Supp. 117; Van Orman v. Van Orman (Sup.) 11 N. Y. Supp. 931. See, too, Sutton v. Ray, 72 N. Y. 482, 484. We hesitate to state the reasons for our conclusions, lest expression might be taken to indicate an opinion upon the questions which await the determination of a jury, and thereby we might seem to prejudge questions which may eventually come up for judgment. Van Orman v. Van Orman (Sup.) 11 N. Y. Supp. 931. And for the same reason we are careful to say that this reversal, which is made necessary by our conclusions, does not indicate, in our opinion, that the learned and able surrogate positively erred in the result reached by him, but merely that such result, on the evidence adduced before him, and contained in the record now before us, is not entirely satisfactory to this court.

The decree of the surrogate's court should be reversed, and a new trial by a jury at a trial term of the supreme court held in the county of Westchester should be had on these questions: (1) Did decedent, Jotham S. Tompkins, at the time of the execution of the will in question, of date March 23, 1899, have testamentary capacity? (2) Was the instrument purporting to be such will voluntarily made by him? (3) Was the execution by the decedent of the instrument of date March 23, 1899, purporting to be his last will and testament, procured by fraud, circumvention, or undue influence practiced upon him?—with costs of the appeal to abide the event of the new trial, payable out of the estate. All concur.