In the Matter of Proving the Last Will and Testament of JOTHAM S. TOMPKINS, Deceased, as a Will of Real and Personal Property.

JOHN J. BURNELL, Appellant; HARRIET V. TOMPKINS and Others, Respondents.

*Appeal from a surrogate's decree in proceedings for the probate of a will — when the decree will be reversed and a jury trial be ordered.*

Where, on an appeal to the Appellate Division from a decree of the Surrogate's Court, made in a proceeding for the probate of a will, it appears that the disposition which should be made of the questions of fact presented by the evidence given is not free from doubt, and the result reached in the Surrogate's Court is not entirely satisfactory, the Appellate Division will send the case to a Trial Term for a jury trial.

APPEAL by John J. Burnell, the proponent in the above-entitled proceeding, from a decree of the Surrogate's Court of the county of Westchester, entered in said Surrogate's Court on the 22d day of June, 1901, refusing to admit to probate a certain paper purporting to be the last will and testament of Jotham S. Tompkins, deceased.

*Frank L. Young*, for the appellant.

*William L. Snyder* and *Platt & Thompson*, for the respondents Harriet V. Tompkins and others.

JENKS, J.:

In *Matter of Van Houten* (11 App. Div. 208) we held that when the disposition which should be made of the questions of fact presented by the evidence was not free from doubt, and when the result reached in the Surrogate's Court was not entirely satisfactory,

the case should be reconsidered by a jury. (*Matter of Will of Ellick*, 19 Wkly. Dig. 231; *Matter of Hannah*, 11 N. Y. St. Repr. 807; *Reynolds* v. *Root*, 62 Barb. 250; *Matter of Pike*, 83 Hun, 327, 331, citing *Howland* v. *Taylor*, 53 N. Y. 627; *Matter of Lansing*, 17 N. Y. St. Repr. 440; *Van Orman* v. *Van Orman*, 34 id. 824. See, too, *Sutton* v. *Ray*, 72 N. Y. 482, 484.) We hesitate to state the reasons for our conclusion in this case lest expression might be taken to indicate an opinion upon the questions which await the determination of a jury, and thereby we might seem to prejudge. (*Van Orman* v. *Van Orman, supra*, 826.) And, for the same reason, we are careful to say that this reversal, which is made necessary by our conclusion, does not indicate, in our opinion, that the learned and able surrogate positively erred in the result reached by him, but merely that such result on the evidence adduced before him and contained in the record now before us is not entirely satisfactory to this court. The decree of the Surrogate's Court should be reversed, and a new trial, by a jury at a Trial Term of the Supreme Court held in the county of Westchester, should be had on these questions:

1. Did decedent, Jotham S. Tompkins, at the time of the execution of the will in question, of date March 23, 1899, have testamentary capacity?

2. Was the instrument purporting to be such will voluntarily made by him?

3. Was the execution by the decedent of the instrument of date March 23, 1899, purporting to be his last will and testament, procured by fraud, circumvention or undue influence practiced upon him?

With costs of the appeal to abide the event of the new trial, payable out of the estate.

All concurred.

Decree of the Surrogate's Court of Westchester county reversed and issues ordered to be tried by a jury, with costs of the appeal to abide the event of the new trial, payable out of the estate.