---

In re SHANNON'S WILL.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. WILLS—PROBATE—DENIAL—SURROGATE'S DECREE—ISSUES OF FACT.
    Where the action of the Surrogate's Court in denying probate of a will on the ground of want of testamentary capacity and undue influence was not entirely satisfactory, under the evidence, the surrogate's decree will be reversed, and the issues of fact ordered to be tried by a jury.

Appeal from Surrogate's Court, Richmond County.

Application for the probate of the will and codicil of Annie Shannon, deceased, as a will of real and personal property. From a surrogate's decree refusing to admit the will to probate, proponent, Euphemia McHugh, appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

David P. Hall (P. Van Alstine, on the brief), for appellant.
J. Travis King, special guardian of Anna Maria Johnson.
A. J. Moore, for respondents Joseph and Eugene Shannon.

PER CURIAM. The learned surrogate has refused probate to the paper writings propounded as the last will and testament of Annie Shannon, deceased, and a codicil thereto, on two grounds, as indicated

by his findings: (1) That the testamentary capacity of the decedent was not sufficient to make a will, or to understand the provisions of the papers propounded as her last will and codicil; and (2) that at the time of the execution of the instruments the decedent was a weak and feeble-minded woman, and executed the same "under an improper influence exercised over her by the proponent herein." The reasons which led to the conclusion that the decedent was lacking in testamentary capacity are set out by the surrogate in a carefully written opinion, which appears in the record. The view which seems to have controlled the court below was that there was no evidence in the case sufficient to warrant a finding that the decedent realized the effect which the residuary clause of the will would have in disposing of her property. By the fourth paragraph of the will she bequeathed $200 to Euphemia McHugh, who was nominated as executrix, for her kindness, care, and attention to herself and her sisters during illness; and by the seventh paragraph she bequeathed the rest, residue, and remainder of her personal estate to the said Euphemia McHugh, for her own use and benefit, forever. It appears that the effect of this residuary clause was to give Mrs. McHugh a sum amounting to between $5,000 and $6,000, in addition to the specific legacy of $200. The learned surrogate thought that only one conclusion could be arrived at in respect to this residuary bequest, and that was that "this sick, weak-minded woman believed that, in making the specific legacies which she did, she was disposing of her estate. She did not comprehend the amount of her estate, or what a 'residuary legatee' meant, and to that extent did not understand the contents of the will." Nothing is said in the opinion upon the question of undue influence, although, as has been pointed out, there is a finding that the decedent made the will and codicil under "an improper influence" exercised over her by Euphemia McHugh. We are unable to find in the record any evidence sufficient to warrant the inference that the execution of either the will or the codicil was the result of undue influence. As to the denial of probate on the ground of lack of testamentary capacity, we deem it very doubtful whether the disposition of the case made in the court below ought not to have been different. The rule which should control the decision of this appeal, therefore, is that stated by Mr. Justice Jenks in the Matter of Tompkins, 69 App. Div. 474, 74 N. Y. Supp. 1002, and the authorities cited in his opinion, to the effect that in a probate proceeding, where the action of the Surrogate's Court is not entirely satisfactory, the issues of fact upon which the right to probate depends should be sent to a jury for determination. That course should be followed in the present case.

There must therefore be a reversal of the decree appealed from, and an order directing the trial before a jury in the Supreme Court in Richmond county of the following questions: (1) Did the decedent, Annie Shannon, at the time of the execution of the instruments propounded in this proceeding as her last will and testament and a codicil thereto, have testamentary capacity? (2) Was the execution by the decedent of these instruments, or either of them, procured by undue influence practiced upon the decedent?