---

(46 Misc. Rep. 537.)

### In re MOORE'S WILL.

(Surrogate's Court, Erie County. March, 1905.)

WILL—PROBATE—EVIDENCE OF EXECUTION.

A will submitted for probate was entirely in the handwriting of the testator, and declared it to be his last will and testament. The evidence showed the formalities prescribed by law for the execution of such an instrument were substantially complied with. The subscribing witnesses failed to testify directly that the testator at the time of executing the will declared it to be his last will and testament, but they were hostile to the will because of the bequest therein to one whose relation to testator was not shown by the testimony. *Held*, that probate would be decreed.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 714.]

In the matter of the probate of the will of Chester Moore, deceased. Probate decreed.

Frank S. Sidway, for executors.
Simon Fleischmann, for Lulu Bergtold, legatee.
William R. Pooley, special guardian, for infant.
Morey, Bosley & Morey, for Caroline B. Moore, widow, contestant.

MARCUS, S.   Chester Moore, the decedent, a prosperous business man of Buffalo, died March 15, 1904, leaving a holographic will dated January 28, 1903.   He left an estate consisting entirely of money and other personal property, estimated at about $50,000,. in which will he left to his widow, Caroline B. Moore, about $10,-000; to his brother, Peter L. Moore, $5,000; to a Miss Bergtold,. $10,000; and to his widow the income of the residuary estate, and,. upon her decease, such residuary estate to his brother and his brother's children equally.   The relation of Miss Bergtold to the testator is not disclosed by the record, and. we are not called upon to indulge in any presumption regarding same, and in no event should that have any bearing on the legal question to be determined, inasmuch as no claim of mental incapacity or undue influence is made.   On the occasion of the execution of the will Mr. Moore sent for Mr. and Mrs. Dennis, two of his neighbors, to witness the same, and they signed the will as witnesses, but without the usual attestation clause.   Upon the hearing before me the witnesses testified to all of the formalities of execution, except they refused to testify squarely that at the time of executing the will the testator declared it to be his last will and testament.   The witnesses, however, both showed and admitted that they were hostile to the probate of the will, and became so after hearing of the bequest to Miss Bergtold, Mr. Dennis declaring in court that he considered the will an outrage.   The admissions of these witnesses, however, made before they had learned of the contents of the will, to various persons who were sworn upon the hearing, as well as many other circumstances, including the significant fact that. the will is in the handwriting of the deceased, and that he states in its opening sentence that he declared it to be his last will and testament, have satisfied me that the testator at the time of its execution used language amounting to a declaration that the instrument was his last will and testament, and was intended to effect a testamentary disposition of his property.   It also appeared that Mr. Moore, the testator, had been instructed by an attorney, himself one of the executors of the will, as to the legal requirements for the proper execution of a will, prior to preparing and executing the will in question; and Mr. Dennis, one of the subscribing witnesses of the will, also admits having had much experience in drawing wills and attending to their execution.   Three witnesses testified that Mr. and Mrs. Dennis, in a conversation had with them before the probate proceedings, told them that Mr. Moore, at the time of executing the will, stated that the document was a mem-

orandum of his last will and testament.   Both Mr. and Mrs. Dennis also told Mr. Sidway, one of the executors and an attorney, that they could swear to the facts set forth in a blank provided by the Surrogate's Court for the proving of wills, and which included the statement that the testator had "declared the instrument to be his last will and testament at the time of executing it."   There are many other circumstances leading irresistibly to the conclusion that Mr. Moore in fact declared the instrument in question to be his last will and testament to the witnesses at the time of executing it, and asked them to be witnesses thereto, and that they well understood that they were witnessing his will, and that their failure so to testify directly upon the hearing is due to their admitted hostility to its probate, and because they do not approve of its bequests.

The provisions of the Code of Civil Procedure, and authorities in this and other states, I am satisfied, amply warrant the admission of this will to probate.   The Code clearly contemplates such a situation, for it provides that, if a subscribing witness testifies against the execution of a will, it may nevertheless be established upon proof of the handwriting of the testator and of the subscribing witness and of such other circumstances as would be sufficient to prove a will upon the trial of an action.   Code Civ. Proc. §§ 2618–2620.   Again, the Code provides that the surrogate shall inquire particularly into all the facts and circumstances, and be satisfied of genuineness of the will and of the validity of its execution.   Code Civ. Proc. § 2622.   It is thus the policy of the law to give to the surrogate a considerable latitude in weighing the facts and circumstances in a given case in reaching the conclusion as to whether the formalities prescribed by law on the execution of a given will are complied with; and it is also well settled that a substantial compliance with the statute will suffice.   So the fact that the witnesses were contradicted by earlier statements out of court may be taken into consideration.   Matter of Nelson's Will, 141 N. Y. 152, 36 N. E. 3;  Matter of Cottrell, 95 N. Y. 329;  Matter of Jones' Will (Sur.) 85 N. Y. Supp. 294;  Baskin v. Baskin, 36 N. Y. 416; Matter of Laudy's Will, 148 N. Y. 403, 42 N. E. 1061;  Id., 161 N. Y. 429, 55 N. E. 914;  Matter of Voorhis' Will, 125 N. Y. 765, 26 N. E. 935;  Coffin v. Coffin, 23 N. Y. 9, 80 Am. Dec. 235;  Matter of Hunt's Will, 110 N. Y. 278, 18 N. E. 106;  Matter of Beckett's Will, 103 N. Y. 167, 8 N. E. 506;  Lane v. Lane, 95 N. Y. 494;  Matter of Phillips, 98 N. Y. 267;  Gilbert v. Knox, 52 N. Y. 125;  Peck v. Cary, 27 N. Y. 9, 84 Am. Dec. 220;  Orser v. Orser, 24 N. Y. 51; Matter of Akers' Will, 74 App. Div. 461, 77 N. Y. Supp. 643, affirmed, 173 N. Y. 620, 66 N. E. 1103;  Matter of Briggs'. Will, 47 App. Div. 47, 62 N. Y. Supp. 294;  Matter of Turell's Will, 47 App. Div. 561, 62 N. Y. Supp. 1053;  Matter of Bernsee's Will, 141 N. Y. 389, 36 N. E. 314;  Matter of Buel's Will, 44 App. Div. 4, 60 N. Y. Supp. 385;  Mock v. Garson, 84 App. Div. 65, 82 N. Y. Supp. 310; Matter of Hardenburg's Will, 85 Hun, 580, 33 N. Y. Supp. 150;  Thompson v. Seastedt, 6 Thomp. & C. 80, affirmed, 62 N. Y. 634;  Matter of Austin, 45 Hun, 1;  Matter of Wilcox's Will (Sup.) 14 N. Y.

Supp. 109; Matter of Carll's Will, 38 Misc. Rep. 471, 77 N. Y. Supp. 1036; Matter of Stockwell's Will, 17 Misc. Rep. 108, 40 N. Y. Supp. 734; Matter of Carey's Will, 14 Misc. Rep. 486, 36 N. Y. Supp. 817; Matter of Sears' Estate, 33 Misc. Rep. 141, 68 N. Y. Supp. 363; Matter of Tyler's Estate, 121 Cal. 405, 53 Pac. 928; Estate of Motz, 136 Cal. 558, 69 Pac. 294; Matter of Claflin's Will, 73 Vt. 129, 50 Atl. 815, 87 Am. St. Rep. 693; Pilkington v. Gray, 1899 App. Cas. 401; Matter of Rice's Estate, 173 Pa. 298, 33 Atl. 1100; Buckhout v. Fisher, 4 Dem. Sur. 277; Peebles v. Case, 2 Bradf. 226; Burk's Will, 2 Redf. 239.

The fact that the entire will was in the handwriting of the testator is also a most significant and convincing fact, especially as bearing on the question as to whether the testator declared the instrument to be his will. In considering the object of requiring this declaration, the Court of Appeals has said:

"That purpose is to make sure that the testator is aware that he is making a will, and that he be not imposed on and procured to sign a will when he supposes it to be some other instrument. The witnesses knowing it to be a will is of no moment, except as to their being then and there in his presence, or by him told so, makes it certain that he knew it to be such an instrument." Trustees v. Calhoun, 25 N. Y. 422–425.

It is therefore impossible for a testator to be deceived or imposed upon as to the character of the instrument he is executing when he has himself written it, and in addition declared it to be his last will and testament. There can be no doubt upon this entire case that the testator, Mr. Moore, deliberately drew his own will, and had it witnessed by two of his neighbors, with full knowledge of the legal requirements, both on his part and on the part of one of the witnesses as to the formalities required for the execution of a will, and that they were at least substantially complied with, and that he and the witnesses understood perfectly the nature of the transaction; and under the authorities cited I am satisfied of the genuineness of the will and the validity of its execution.

At the close of proponent's case, the widow, Mrs. Moore, who contested the probate, moved for a dismissal of the proceedings on the ground that the proper execution of the will had not been proved, reserving the right to offer further testimony upon the question of mental incapacity and undue influence in case the court should hold the execution sufficient. The hearing was then adjourned to enable the surrogate to pass upon the question of a proper execution, and upon announcing his decision against the contestant her counsel stated that they did not wish to offer any further testimony, so that both sides rested at the close of proponent's case.

Findings and a decree admitting the will to probate may therefore be prepared for filing and entry.

Probate decreed.