DORR, Respondent, v. ESDERS, Appellant. (Supreme Court, Appellate Division, First Department. March 9, 1906.) Appeal from Special Term, New York County. Action by Frank I. Dorr against Henry Esders. From an order denying a motion to vacate an attachment, defendant appeals. Conditionally affirmed. Frank B. Colton, for appellant. Ralph Wolf, for respondent.

PER CURIAM. Order affirmed, without costs, on condition that plaintiff give new bond in $5,000.

McLAUGHLIN, J. (dissenting). Defendant appeals from an order denying a motion to vacate an attachment for $56,000, which was granted upon the ground of his nonresidence. The motion to vacate was predicated upon the papers upon which the warrant was granted, which consisted merely of an affidavit of the plaintiff, an undertaking in the sum of $500, and a copy of the summons. The alleged cause of action as stated in the affidavit is the breach of a contract by which defendant agreed to sell to plaintiff a stock of merchandise consisting of clothing, men's furnishings, and hats, and machinery, tools, and fixtures used in connection therewith, for the sum of $75,000. The affidavit, as I read it, does not establish that plaintiff has a cause of action. It does not appear that the defendant ever authorized his son to make the sale, unless that fact can be inferred from the statement that the son was the "representative, manager, and agent" of the defendant, or from the letter written by the son that his father accepted the offer. The fact that a person is placed in charge of a mercantile establishment to manage the same does not, as it seems to me, imply that he has authority to sell the entire business and close it out. Nor does a letter written by the person in charge that the owner accepts an offer made bind the owner, unless there be some proof that such person had authority to write the letter. But, even if it be assumed that the affidavit sufficiently established a valid agreement between plaintiff and defendant, it was insufficient to justify the granting of the attachment, because it failed to show a breach of the agreement by defendant. The agreement did not specify the time or place for the

delivery of the property alleged to have been purchased. There could, therefore, be no breach by defendant without a tender of the purchase price and a demand for the property, and there is no proper or sufficient proof of these facts. Every statement in the affidavit respecting the tender of $75,000, defendant's refusal to accept the same, and his repudiation of the contract, is made on information and belief, without furnishing the source of the information or the grounds of the belief, other than that the agent of the plaintiff told him so. The statement in the affidavit is that the plaintiff, "through his duly authorized agent, Mr. George Raymond, tendered to the defendant the sum of $75,000; that said tender was made at the city of New York on October 30, 1905." It is apparent from this statement the plaintiff had no personal knowledge of its truth. Therefore it could not be received as proof of the fact. Price v. Levy, 93 App. Div. 274, 87 N. Y. Supp. 740; James v. Signell, 60 App. Div. 75, 69 N. Y. Supp. 680; Martin v. Aluminum Compound Plate Co., 44 App. Div. 412, 60 N. Y. Supp. 1010; Hoormann v. Climax Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710. The only other reference to a tender is the statement "that deponent is informed by his said agent, Mr. George Raymond, and believes it to be true, that such tender was actually made to the defendant, and defendant refused to accept the same." This falls far short of proving, even on information and belief, that a valid tender was made. It does not show how the information was communicated to the plaintiff, whether orally or in writing. If by letter or telegram, then the same should have been set forth. Manufacturers' Bank v. Hall, 60 Hun, 466, 15 N. Y. Supp. 208; Mexico City Banking Co. v. McIntyre, 105 App. Div. 492, 94 N. Y. Supp. 157. As a general rule, the assertion of a fact in an affidavit upon information and belief proves nothing (Mowry v. Sanborn, 65 N. Y. 581); and, while it is not necessary to the validity of an attachment that the affiant upon whose affidavit the writ is granted should have knowledge of the facts required to be stated, and the same may be stated on information and belief, it is nevertheless essential that this information, as the basis for the statement and the ground for the belief, should appear to have been competently derived (Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882, 40 Am. St. Rep. 590). In other words, where an essential fact is stated upon information and belief, other facts must be stated from which the court can see that the information was derived in a proper and legitimate way, and by reason thereof there is a basis for the belief. Not a single fact is stated in connection with the tender, whether it was made in cash or by certified check, whether furnished by the plaintiff or his agent, from which the court can find or even infer that a tender such as the law requires was made. The statement in the affidavit is at most but a conclusion of the affiant, based upon undisclosed information derived from the agent. This was a material fact, because, unless a valid tender were made, plaintiff did not have a cause of action. The affidavit of the agent who it is claimed made the tender was not produced, and the only excuse

offered why it was not was because he was, and for several days had been, in the city of Boston, Mass. He was the plaintiff's agent, and therefore, presumptively at least, under his control. The court can take judicial notice of the distance between New York and Boston, and that a person can get from one city to the other in a very few hours. Williams v. Brown, 53 App. Div. 486, 65 N. Y. Supp. 1049. If the plaintiff had desired, he could have produced the affidavit of his agent, either by requiring him to come into the state of New York or by making an affidavit in the state of Massachusetts. No reason is suggested for the agent's absence in Boston, nor is there any statement of any effort to procure his affidavit. The mere absence of the agent in Boston does not explain the absence of his affidavit, especially where upwards of $50,000 is to be seized in this summary way. For these reasons I think the motion to vacate should have been granted.

HOUGHTON, J., concurs.