order that a just debt, so determined by the surrogate, may be, as far as possible, paid out of the fund which is in the hands of the Supreme Court and under its control.

Judgment for plaintiffs.

(81 Misc. Rep. 391.)

## In re COFFIN'S WILL.

(Surrogate's Court, Kings County.  June, 1913.)

1. WILLS (§ 166*)—UNDUE INFLUENCE—EVIDENCE.
    Where, on proceedings for the admission to probate of a will and codicil, the evidence shows that testator lived apart from his wife and children during the last 10 years of his life, and that during the same period he maintained a meretricious intimacy with the chief beneficiary under the will, but does not show, other than by inferences from the circumstances disclosed, that any undue influence of such beneficiary extended to the making of these instruments, both instruments should be admitted to probate.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 421–437; Dec. Dig. § 166.*]

2. WILLS (§ 215*)—ADMISSION TO PROBATE—DECISION OF SURROGATE.
    Under Code Civ. Proc. § 2653a, entitling a contestant of a will, where the surrogate's decision is in favor of the will, to submit anew to a jury the whole question of "will or no will," the surrogate's determination is practically merely provisional.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 522, 523; Dec. Dig. § 215.*]

Proceedings upon the probate of the will and codicil of George C. Coffin, deceased.  Probate decreed.

Hamilton Anderson, of New York City, for proponent, William H. Blain, executor.

Atwater & Cruikshank, of New York City (Alfred B. Cruikshank, of New York City, of counsel), for Belle C. Provost, legatee.

Augustus Van Wyck, of New York City, for contestants, heirs at law and next of kin.

KETCHAM, S.  It cannot be questioned that the will and codicil here propounded were duly executed, nor is it doubtful that the testator was possessed of testamentary capacity; but it is urged that the instruments were induced by the undue influence of the sole beneficiary named in the will.

[1] The testator, for the last ten years of his life, separated himself from his wife and children without any excuse.  For a period precisely corresponding with this estrangement from his family, he maintained with the beneficiary an intimacy which must be found, in the euphemism of the law, to have been meretricious.  The evidence is convincing that the only cause for the decedent's desertion of his home was his devotion to the beneficiary, and that, having once detached his affections, she established an influence over him which lasted for his remaining days and barred his return to marital and parental duty.  There is no need for a recital of the facts which sup-

port these conclusions. They plainly exhibit a malign influence which, whether imposed upon the testator by evil persuasions or embraced by his own choice, tended not only to divorce him from those to whom he owed loyalty and companionship but to divert from them the material benefits of his estate.

But though it is thus manifest that the testator was subject to the undue influence of an association which warped his life and controlled his conduct in its most important relations, the question must remain: Is there evidence that this undue influence extended to the testamentary acts? The case sharply illustrates a notorious·obliquity in our procedure. It is the duty of the surrogate to fairly and faithfully try the present controversy and a fair decision to render thereon according to the proofs. This is the requirement of the law as to every trial. It is imposed by the oath of office. It is distinctly enjoined by the statute as to contested wills. Code Civ. Pro. § 2622.

[2] It would result from these commonplaces, and, indeed, is the legal pretense, that a decision thus reached must be authoritative and final; but the practical truth is that the surrogate's determination is empty and provisional. If it be in favor of the will, the contestant will not be thereby prevented from maintaining her action under section 2653a of the Code, in which she may submit anew to a jury the whole question of "will or no will," with but formal embarrassment from the surrogate's decree. If it be against the will, the Appellate Division will inevitably subvert the result and direct a trial of the same question before a jury if the case comes to their attention upon appeal.

The considerations which constrain an appellate court in reviewing a decree of the surrogate rejecting a will are well known.

In Matter of Tompkins, 69 App. Div. 474, 74 N. Y. Supp. 1002, the court, in reversing a decree refusing probate, says:

"In Matter of Van Houten, 11 App. Div. 208 [42 N. Y. Supp. 919], we held that when the disposition which should be made of the questions of fact presented by the evidence was not free from doubt, and when the result reached in the Surrogate's Court was not entirely satisfactory, the case should be reconsidered by a jury. Matter of Will of Ellick, 19 Wkly. Dig. 231; Matter of Hannah, 11 N. Y. St. Repr. 807; Reynolds v. Root, 62 Barb. 250; Matter of Pike, 83 Hun, 327, 331 [31 N. Y. Supp. 689], citing Howland v. Taylor, 53 N. Y. 627; Matter of Lansing, 2 N. Y. Supp. 117;[1] Van Orman v. Van Orman, 11 N. Y. Supp. 931.[2] See, too, Sutton v. Ray, 72 N. Y. 482, 484. * * * We are careful to say that this reversal, which is made necessary by our conclusion, does not indicate, in our opinion, that the learned and able surrogate positively erred in the result reached by him but merely that such result on the evidence adduced before him and contained in the record now before us is not entirely satisfactory to this court."

Hence the burden which rests upon the probate court is to be discharged under the menace of a rule which controls the appellate court even though it finds that no error is assigned and that the trial

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 49 Hun, 610.

[2] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 58 Hun, 606.

judge's conclusions are supported by the evidence and are not against the weight of evidence. It may be, as it often has been, that the court sitting in review may commend every step taken upon the trial and may concede that no other step could in justice have been taken; it may even confess that the result has not only been according to the ·law as administered by an enlightened mind but probably right, yet, because of an undefined caution, a vague sense that the result is "not free from doubt," the same court, vaguely doubting and vaguely "dissatisfied," will direct another trial without any assignable basis in the record.

Thus a determination rendered upon conscience under the constraint of fixed and well-known rules which would not permit of any other result may properly be set aside by the application of another set of rules neither of the same nor of like effect as those which compelled the original result. Both judgments may be right, though repugnant, for the surrogate was bound by duty and oath to find against the will and therefore did right, while under the same just duress the other court in reaching the other result equally does right. The latter court must reverse the decree for "doubt," while the trial court is forbidden to doubt and is sworn to resolve all hesitation. One court cannot lawfully base its decision upon doubt; the other, in the same case, must.

There is no other aspect of litigation known to this state where the rule applicable upon the trial differs from the rule upon appeal. In appeal from the humblest court and in every issue carried up from the Surrogate's Court except a case of probate, the inquiry is:

"Where is the error either in the progress of the trial or in the final disposition?"

It is not the result of this procedure which is unfortunate, for few will deny the expediency of submitting to a jury the complex and sacred interests which are frequently involved in a will contest. There can be no question of the duty of the appellate court to send these cases down for jury trial, for the court itself is bound upon the wheel of the present system and must follow its dizzy revolutions. The mischief is in the mechanism itself which takes courts and litigants with it in its irrational round.

Where the instinct of the law has broken beyond the confines of its own methods to do righteousness despite its own restraints, the course for justice should be made so that it need no longer break its way.

The present condition is an intellectual scandal, the butt of intelligent laymen as it is a shame of the profession. Its remedy is as obvious as its disorders. All of wisdom which it contains would be preserved and all of folly which it surely holds would be expelled if a trial by jury in the first instance were by statute made available upon seasonable demand. Then the abuses which have been remarked with Catonian iteration in former opinions of this court would abate and idle and humiliating tasks such as the present case imposes would be unknown.

The learned surrogate, whose decision was reversed in Matter of Tompkins, supra, doubtless after he had given his best thought and endeavor to a just and patient result, says:

"Where the surrogate rejects probate upon the ground of the incompetency of the testator, and the record shows it to be a doubtful question, the appellate court will reverse and send the issue to a trial by a jury without indicating in any way its opinion upon the facts as disclosed in the record."

And he then concludes, in view of sections 2622 and 2623 of the Code of Civil Procedure, as follows:

"In view of the provisions of the Code, and of the authorities cited, I think the course to be pursued by a surrogate, where the factum of the will is satisfactorily established, is to grant probate, unless want of testamentary capacity, fraud, or undue influence is established beyond a reasonable doubt."

The opinion last quoted, so far as it would introduce into a civil case the rule that the issue should be determined by evidence establishing a given fact beyond a reasonable doubt, is not accepted by this court, but the search for the fair preponderance of evidence, which is the only test, may well be made with a caution measured by the thought that, if a jury trial is desired by the contestant, it can be had at once under section 2653a of the Code of Civil Procedure better than through the expensive and toilsome apparatus of appeal.

In the case at bar the evidence is wholly circumstantial and contains no direct view of the beneficiary in the act of unduly influencing the testator in making either his will or codicil, and both instruments may be admitted to probate.

Probate decreed.