In the Matter of the Probate of the Last Will and Testament of HASTINGS ALLAWAY, Deceased, as a Will of Real and Personal Property.

ROBERT H. FISHER, JR., Executor, etc., and SARAH GARDNER, Appellants; WILLIAM DUGGAN and Others, Contestants, Respondents.

Second Department, March 21, 1919.

Will — probate — failure to demand jury trial — waiver — direction of jury trial by appellate court upon ordering new trial or hearing — testamentary capacity — undue influence — burden of proof.

Upon an appeal from a decree of the Surrogate's Court refusing probate to a will, *held*, that the failure to demand a jury trial, even if deemed a waiver, does not preclude the Appellate Division from directing a trial by jury upon the new trial or hearing at which the questions of testamentary capacity and undue influence should be submitted to the jury.

The burden of proving that the testator was of a sound and disposing mind and memory is upon the proponents.

Upon the question of " restraint " the burden is upon the contestants who must establish by a preponderance of the proof that at the time the will was made the influence exercised was so potent as to take away and overcome the power of the testator to act freely and upon his own volition.

APPEAL by Robert H. Fisher, Jr., as executor, and by Sarah Gardner, as sole legatee and devisee under the alleged last will and testament of Hastings Allaway, deceased, from a decree of the Surrogate's Court of the county of Queens, entered in the office of said Surrogate's Court on the 3d day of September, 1918, refusing probate to said will.

*Albert O. Briggs,* for the appellants.

*George F. Hickey* [*Joseph J. Tuohy* with him on the brief], for the respondents.

JENKS, P. J.:

This appeal is within our judgment in *Matter of Tompkins* (69 App. Div. 474). And the language used in *Tompkins's* case applies to this case. It is true that the appellants could have had a jury trial upon seasonable demand, but their

omission, even if deemed a waiver by them, does not preclude us from the direction of a jury trial upon the new trial or hearing, which we hereby order. (Code Civ. Proc. § 2763; *Tracy* v. *Falvey*, 102 App. Div. 586; *Van Sickle* v. *Kellogg*, 19 Mich. 49; *Osgood* v. *Skinner*, 186 Ill. 491, citing 12 Ency. of Pl. & Pr. 270.) The following questions should be submitted to the jury: 1. Did decedent Hastings Allaway at the time of the execution of the will in question, of date January 7, 1918, have testamentary capacity? 2. Was the instrument purporting to be such will the result of undue influence exercised over Hastings Allaway in the act of making the will in question, of date January 7, 1918?

Upon the new trial it will be proper to instruct the jury that upon the whole case that relates to the existence of a sound and disposing mind and memory, the burden is upon the proponents. (*Matter of Smith*, 180 App. Div. 669.) And that upon the question of " restraint " the burden is upon the contestants, who must establish by a preponderance of the proof that at the time the will was made the influence exercised was so potent as to take away and overcome the power of the testator to act freely and upon his own volition. And moreover that such influence was exercised over the very act of testamentation. (*Matter of Fleischmann*, 176 App. Div. 786.)

The decree of the Surrogate's Court of Queens county is reversed and the issues heretofore indicated are ordered to be tried by a jury, with costs of this appeal to abide the event, payable out of the estate.

MILLS, RICH, BLACKMAR and KELLY, JJ., concurred.

Decree of the Surrogate's Court of Queens county reversed, and the issues as indicated in opinion ordered to be tried by a jury, with costs of this appeal to abide the event, payable out of the estate.