■ In the Matter of the Estate of DORA BLUTTAL, Deceased. HARRY BLUT- TAL, as Administrator, Respondent; BROOKDALE HOSPITAL CENTER, Appellant. — Decree of Surrogate's Court, Bronx County, entered January 7, 1971, unanimously reversed, on the law and the facts and in the interest of jus- tice, and the proceeding remanded for a new trial to be held to a jury in Supreme Court, Bronx County with costs and disbursements to abide the event. The proceeding involves a certain ring turned over for safekeeping to respondent-appellant hospital on admission of decedent; the crux of the dispute is whether the ring was returned to decedent prior to her death. After nonjury trial, the Surrogate found for petitioner-respondent administrator of the decedent's estate, directing return of the ring or, in default thereof, payment of its value, found to be $20,000. Though the method of safekeeping and receipting used by the hospital's responsible employee was unusual, to say the least, it apparently sufficed as to those items concededly turned over to decedent, of great aggregate value themselves; it seems, therefore, that no adverse inference flows from that factor alone. Proof of value of the missing ring was not conclusive in that there was not firm evidence of identity of the missing article with that spoken of by the valuing expert. And, finally, the

court erred in not recessing the trial overnight to permit the nurse whose signature appeared on the receipt to be called as a witness for the hospital. That request was not dilatory and, in this unusual case, the court should have heard all available testimony, especially from this important witness. In sum, the trial record was not developed to that state of completeness which would justify the making of findings in favor of either side. In the interest of justice, a new trial is clearly indicated, which should not take place before the same fact trier who has once before arrived at findings and conclusions. We deem the issue suitable for exploration by a jury (see *Matter of Allaway*, 187 App. Div. 87; *Matter of Satterlee*, 281 App. Div. 251). To which we add the observation that it is at least unwise for trial counsel to be a witness in the case he is trying. Concur — McGivern, J. P., Markewich, Murphy, McNally and Tilzer, JJ.